IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,
v.                                                      CASE NO. 1:22-cv-00103-AW-GRJ

CLOVIS WATSON,
ALACHUA COUNTY SHERIFF,

    Defendants.
_____/

JAMES LEE BALLARD,

    Plaintiff,
v.                                                      CASE NO. 1:22-cv-00104-AW-GRJ

JOHN LYON BROLING,
CANDACE KAY BROWER, and
DAVID KREIDER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are two civil rights complaints in the above-styled cases filed by *pro se in forma pauperis* prisoner Plaintiff, James Lee Ballard ("Ballard"), ECF Nos. 1. Upon initial screening pursuant to 28 U.S.C. § 1915, the Court finds that both cases are due to be dismissed for three reasons. First, the Court must abstain from interfering with the on-going state criminal proceedings about which Ballard complains in these

1

lawsuits as required by *Younger*. Second, Ballard fails to state a claim upon which relief may be granted because all the named defendants cannot be sued for damages under 42 U.S.C. § 1983 ("Section 1983"). Third, Plaintiff has abused the judicial process by failing to disclose his litigation history as required by the Court.

Accordingly, each of these cases is due to be dismissed without prejudice.

## I.   BACKGROUND FACTS

Ballard is a pre-trial detainee awaiting trial in the Alachua County jail on two felony counts of lewd or lascivious molestation of a person under twelve years of age. *See* Case No. 01-2018-CF-001513-A, available at [www.alachuaclerk.org](www.alachuaclerk.org).[1] Since January 4, 2022, Ballard has filed six (6) civil rights lawsuits in this District, each of which complains about events leading to Ballard's arrest or his subsequent incarceration and pretrial hearings related to the charges. The defendants in all six cases are either law enforcement officers who investigated the case, state prosecutors who are prosecuting the case, public defenders and other attorneys who have

---

[1] The Court first became aware of the pending criminal proceedings when Defendant law enforcement officers filed a Motion to Dismiss in another case that Plaintiff filed in this Court. *See* ECF No. 37, *James Lee Ballard v. Detective Cail, et al.*, Case No. 1:22-cv-2-AW-GRJ (N.D. Fla.).

represented Ballard in the case, or the state-court judge who is presiding over the case. A review of publicly available court records reveals that Ballard has not pleaded guilty to the charges, and that jury selection is scheduled for July 5, 2022.[2]

And, notably, for purposes of this report and recommendation Ballard seeks only monetary damages against all the named defendants. ECF Nos. 1.

## II.   DISCUSSION

### A.   *Younger* Abstention.

Whether to abstain under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is a threshold issue that may be resolved even before jurisdiction. *See Tenet v. Doe*, 544 U.S. 1, 6 n.4, 125 S.Ct. 1230,

---

[2] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)(2). *See Redner v. Citrus Cty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal quotations and citations omitted); *Davis v. Richland County*, No. 4:12-CV-3429-RMG-TER, 2013 WL 5797739, at *2 n.1 (D.S.C. Oct. 24, 2013) (taking judicial notice of state court records concerning the plaintiff's arrest and indictment, which were maintained by the state court). *See also Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (noting that the district court could have taken judicial notice of state court records).

161 L.Ed.2d 82 (2005) (noting that *Younger* abstention doctrine represents a "threshold question" that may be resolved prior to jurisdiction).

In *Younger*, the Supreme Court held that federal courts should abstain from suits aimed at restraining pending state prosecutions. *Younger* abstention applies only if the state court proceedings: (1) are pending at the time of the federal action; (2) implicate important state interests; and (3) provide an adequate opportunity for raising federal constitutional questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).

"As for the first factor, the date of filing of the federal complaint is the relevant date for purposes of determining *Younger*'s applicability because the Supreme Court held that *Younger* applies if state court proceedings were pending at the time of the filing of the federal complaint." *Hale v. Pate*, 694 F. App'x 682, 683-84 (11th Cir. 2017) (per curiam) (citation and internal quotation marks omitted). The first factor in these cases is met because the cases were filed on May 10, 2022, while Ballard was in jail awaiting trial on the state charges about which he now complains.

As for the second factor, *Middlesex*, 457 U.S. at 432, 102 S.Ct. 2515— where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of constitutional

4

claims. *Id*. Here, the State of Florida has a vital interest in the protection of minors from sexual molestation, and the state courts are the appropriate forum for vindicating those interests. So, the second factor is satisfied.

As for the third factor, the plaintiff has the burden to show that the state proceeding will not provide him an adequate remedy for his federal claim. *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003). The courts assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary. *Id*. A plaintiff has an adequate remedy for his constitutional claim, for purposes of *Younger* abstention, if he can raise his constitutional claim during the state court's review of the proceeding. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (1986).

In the two cases relevant to this report and recommendation, Ballard can raise all the constitutional violations alleged in his complaints during his state court criminal proceedings.[3] And, if he does not receive redress there, he may appeal. Thus, Ballard will have a fair and full opportunity to

---

[3] In these lawsuits, Ballard complains that the Alachua County Sheriff relied on false information to support probable cause for Ballard's arrest and that Ballard's court-appointed attorneys failed to provide the court with evidence that would prove his innocence.

obtain relief from the state courts. Moreover, Ballard does not contend that his state court criminal proceedings will not afford him the opportunity to level constitutional challenges that he attempts to bring to this Court.

In sum, the allegations in Ballard's complaints, all of which center around his pending criminal case, squarely place the claims asserted in these lawsuits within *Younger*'s abstention doctrine.

**B.     Section 1983 Suits for Damages.**

1.     *Applicable Law for Screening.*

Leave to proceed as a pauper was granted in these cases for the limited purpose of recommending dismissal of these cases pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A.[4]  As amended, 28 U.S.C. § 1915 reads in pertinent part as follows:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> \* \* \*
> (B) the action or appeal-
> \* \* \*
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

---

[4] Plaintiff was confined at the Alachua County Jail when this case was filed, and therefore he is a "prisoner" for purposes of the PLRA.

28 U.S.C. § 1915(e)(2)(B).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. § 1915(e)(2)(B)(ii) or Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must apply the standard of review set forth in Rule 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. *Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics .... The

7

Court's inquiry at this stage focuses on whether the challenged pleadings give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble, Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11 Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id*., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2. *Section 1983 Claims.*

In a Section 1983 action, the plaintiff is required to establish that he was deprived of a federally protected right by a person acting under color of state law. *See* 42 U.S.C. § 1983; *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985). To state a Section 1983 claim, a plaintiff must show that conduct under color of state law violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998); *see Whitehorn*, 758 F.2d at 1419.

Separate from abstention Ballard's complaints must be dismissed because the only named Defendants in these lawsuits cannot be sued for damages under Section 1983. First, Defendants Broling and Brower are immune from a Section 1983 suit for damages, as public defenders do not generally act under "color of state law". *Polk Cty. v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Further, Ballard's claims against them are conclusory.

Second, Ballard's claims against Judge Kreider also fail, as judges have immunity from Section 1983 claims. Judges are absolutely immune in a Section 1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of

9

judicial immunity except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) ("It is firmly settled that judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are alleged to have been done maliciously or corruptly.'") (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871)). Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. *See Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)*; Pierson v. Ray*, *supra*. In the cases at hand, Ballard has not alleged any facts that demonstrate Judge Kreider acted in the absence of jurisdiction. Thus, the claims against him fail as a matter of law.

With respect to Ballard's claims against the Alachua County Sheriff, the problem here is that Ballard seeks only monetary relief. He does not seek injunctive or declaratory relief. Consequently, Ballard's claims against

10

the Sheriff must be dismissed. *See* Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b)(2) (requiring dismissal of claims seeking monetary damages against defendant who is immune from such relief); *see also Tani v. Shelby Cty., Ala.*, 511 F. App'x 854, 857 (11th Cir. 2013) (per curiam) (holding that sheriff is immune from suit for damages under Section 1983 in his official capacity and affirming dismissal of such claims).

In sum, Ballard's Section 1983 claims must be dismissed pursuant to 28 U.S.C. § 1915(ii) and (iii) for failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief.

3.   *Other Bars to Plaintiff's Claims.*

Finally, to the extent Ballard challenges the constitutionality of his current detention, this Court cannot hear those claims at this time.  Claims challenging the constitutionality of confinement are not cognizable in a civil rights case.  A habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973).

11

Also, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). *Heck* applies to suits filed by pretrial detainees. *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004) (holding that *Heck* "applies not only to convicted persons but also to plaintiffs ... who as yet only face prosecution."); *Smith v. Holtz,* 87 F.3d 108, 133 (3d Cir. 1996) (holding that "a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."); *see also Cohen v. Clemens,* 321 F. App'x 739 (10th Cir. 2009) (affirming dismissal, under *Heck*, alien detainee's claims arising out of pending immigration proceeding); *Josey v. Tex. Dep't of Pub. Safety,* 101 F. App'x 9 (5th Cir. 2004) (per curiam) (affirming dismissal, under *Heck*, pretrial detainee's § 1983 suit claiming there was no probable cause for his arrest, he was not read his rights under Miranda, and he was being denied right to speedy trial, where resolving those claims in detainee's favor would undermine the validity of

his potential conviction of driving while intoxicated); *Thomas v. Pugh,* 9 F. App'x 370, 371-72 (6th Cir. 2001) (affirming dismissal, under *Heck*, pretrial detainee's § 1983 claims that he was denied his constitutional rights to a speedy indictment, speedy trial, due process and equal protection, and that there were numerous other alleged constitutional defects in his criminal proceeding); *Cole v. State of Fla.,* Case No. 3:10-cv-178-MCR-MD, 2010 WL 2711861 (N.D. Fla. Jun. 3, 2010) (dismissing, under *Heck*, pretrial detainee's § 1983 claims of false imprisonment, slander and false arrest, where resolving those claims in detainee's favor would undermine the validity of detainee's potential conviction on pending criminal charges); *Newman v. Leon Cty. Sheriff's Office,* Case No. 4:08-cv-474-SPM-WCS, 2009 WL 62652 (N.D. Fla. Jan. 7, 2009) (same, where pretrial detainee raised Fourth, Sixth and Fourteenth Amendment claims that undermined validity of detainee's potential conviction on pending criminal charges); *Williams v. Daniels,* Case No. 4:06-cv-434-WS-WCS, 2006 WL 3694646 (N.D. Fla. Dec.12, 2006) (same, where pretrial detainee raised Sixth Amendment claim that he was being denied right to counsel in pending criminal prosecution).

So, beyond *Younger* abstention, and the fact Ballard cannot pursue claims for damages under Section 1983 against individuals who are immune from suit, Ballard's claims are also *Heck*-barred and/or premature.

### C.     Failure to Disclose Litigation History.

Finally, Ballard has not been forthcoming with the Court about his litigation history. In the complaints, Ballard stated, under penalty of perjury, that he had not had a prior case dismissed which counted as a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), nor had he filed another federal lawsuit challenging his conviction or conditions of confinement. A review of the Court's PACER system revealed that Ballard has filed six lawsuits in this District just this year: (1) *James Lee Ballard v. Detective Cail, et al.*, Case No. 1:22-cv-2-AW-GRJ (N.D. Fla.); (2) *James Lee Ballard*, Case No. 1:22-cv-8-AW-GRJ (N.D. Fla.); (3) *James Lee Ballard v. Terry Silverman, et al.*, Case No. 1:22-cv-96-AW-GRJ (N.D. Fla.); (4) *James Lee Ballard v. Linda Abeles*, Case No. 1:22-cv-98-AW-GRJ (N.D. Fla.); (5) *James Lee Ballard v. Clovis Watson*, Case No. 1:22-cv-103-AW-GRJ (N.D. Fla.); and (6) *James Lee Ballard v. John Broling, et al.*, Case No. 1:22-cv-104-AW-GRJ (N.D. Fla.).

The first case alleges malicious prosecution and civil rights conspiracy and remains pending. The second case was dismissed with

prejudice because *pro se* litigants cannot bring a class action lawsuit and because the complaint failed to state a claim against any of the Defendants. The third case alleges that Ballard's privately-retained attorneys conspired with the state prosecutor to charge him with a crime "for the purpose of" charging him excessive attorney's fees. The fourth case alleges that Defendant Linda Abeles, Ph.D. falsely testified against Ballard in his state court criminal proceedings. The fifth case (one of the two at issue here) asserts false arrest and malicious prosecution claims against Alachua County Sheriff, Clovis Watson. In the sixth case (the other case at issue here), Ballard seeks redress against the public defenders who represented him in his state court proceedings, as well as damages against the state court judge who presides over his criminal case.

So, in all, Plaintiff has one strike, and he has five other federal lawsuits pending that appear to be related to this lawsuit—all tied to his state court criminal case. In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial

process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011).[5]

### III.   CONCLUSION

In view of all the above, the undersigned respectfully **RECOMMENDS** that the Complaint should be **DISMISSED** on *Younger* abstention grounds, and under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief may be granted because the claims seek monetary damages against defendants who are immune from such relief, and for abuse of the judicial process.  The dismissal of these cases will each operate as a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  Once Ballard has received three strikes, he may not proceed as a pauper in federal court unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**IN CHAMBERS** in Gainesville, Florida this 13th day of May 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[5] In two of the prior cases filed by Ballard, the Court ordered him to show cause as to why he failed to disclose prior cases. *James Lee Ballard v. Terry Silverman, et al.*, Case No. 1:22-cv-96-AW-GRJ (N.D. Fla.), ECF No. 5; *James Lee Ballard v. Linda Abeles*, Case No. 1:22-cv-98-AW-GRJ (N.D. Fla.), ECF No. 5.  The deadline for responding to those orders has not yet expired.

## **NOTICE TO THE PLAINTIFF**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.