IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JAMES LEE BALLARD,**

    **Plaintiff,**

v.                                              Case No. 1:22-cv-104-AW-MAF

**JOHN LYON BROLING,
CANDACE KAYE BROWER, and
RYAN NAGEL,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

James Lee Ballard is in state custody awaiting trial on child molestation charges. He has filed many federal lawsuits relating to his state case. *See, e.g.*, Case Nos. 1:22-cv-2; 1:22-cv-8; 1:22-cv-96; 1:22-cv-98; 1:22-cv-103; 1:22-cv-106; 1:22-cv-128; 4:22-cv-264; 4:22-cv-266; 4:22-cv-267. In this one, Ballard initially sued two public defenders and a state judge. ECF No. 1. In his amended complaint, he added an assistant state attorney but dropped the judge. ECF No. 5.

Ballard contends, generally, that the defendants conspired to violate his rights to a speedy trial and due process. ECF No. 5 at 5-6. The amended complaint is short on concrete facts, but his original complaint sheds some light on the substance of his allegations against the public defenders. He says Broling, in retaliation for Ballard's (earlier) civil suit, "refused to admit evidence[] and witnesses vital and necessary to [his] defense." ECF No. 1 at 5 (referring to Case No. 1:22-cv-2). And he says Brower

1

"participated in these acts in conspiracy with the prosecution" and Broling "to intentional[ly lose his] criminal case" and have Ballard deemed incompetent so that his civil suit would be dismissed. *Id.* at 6.

The magistrate judge, in a joint report and recommendation for this case and one other, recommends dismissal. ECF No. 7. I have considered de novo Ballard's numerous objections, responses, and other communications. ECF Nos. 8, 9, 10, 13, 17, 18, 20.

The magistrate judge addresses abstention, noting that Ballard is essentially challenging the state's ability to prosecute him. Ballard insists he does not want to interfere with the state's case; he merely wants compensation for the defendants' wrongdoings (at least in this case). *See, e.g.*, ECF No. 9 at 6. The magistrate judge also considered whether public defenders are state actors subject to suit under § 1983, and whether Ballard's claims are more properly raised in a habeas petition.

I need not reach these issues, because I have determined that the suit should be dismissed if for no other reason than that Ballard failed to accurately disclose his other litigation.[1] He says this was unintentional—that he only intended to make it

---

[1] The magistrate judge also concluded that Ballard failed to disclose one strike under the PLRA, based on Case No. 1:22-cv-8. ECF No. 7 at 14-15. But I dismissed that case because an artificial entity (there, an LLC) cannot appear pro se, ECF No. 6 (Case No. 1:22-cv-8)—not because the complaint was frivolous, malicious, or failed to state a claim, *cf.* 28 U.S.C. § 1915(g).

2

clear he wasn't seeking to amend his prior suit, *see* ECF No. 8 at 2—but he stated under oath that he filed no other state or federal cases "dealing with the same facts or issue involved in this case." ECF No. 1 at 9 ("This is same criminal case but separate issues and defendants."). That this case was about "separate issues" from Ballard's prior suits is plainly false. For example, in Case 1:22-cv-2—filed months before this one—Ballard sued dozens of defendants, ultimately settling (in his Fourth Amended Complaint) on an assistant state attorney (Rodgers) and public defender (Landsman), plus two officers in the Alachua County Sheriff's Office. ECF No. 26 (Case No. 1:22-cv-2). That case, like this one, alleged speedy trial violations and conspiracy between defense counsel and the prosecutor's office to withhold exculpatory evidence in relation to Ballard's pending state-court prosecution. *Id.* at 9-10.

The clerk will enter judgment that says, "Plaintiff's claims are dismissed without prejudice for failure to disclose prior litigation." The clerk will then close the file. The report and recommendation is adopted and incorporated to the extent consistent with this order.

SO ORDERED on July 28, 2022.

s/ *Allen Winsor*<br>
United States District Judge